James R. Hawkins (SBN 192925)
james@Jameshawkinsaplc.com
Christina M. Lucio (SBN 253677)
christina@Jameshawkinsaplc.com
**JAMES HAWKINS APLC**
9880 Research Drive, Suite 200
Irvine, California 92618
Telephone: (949) 387-7200
Facsimile: (949) 387-6676

Attorneys for Plaintiff EMI BRUEMMER,
on behalf of herself and all others similarly situated

# UNITED STATES DISTRICT COURT

# NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| EMI BRUEMMER, on behalf of herself and all others similarly situated,<br><br>                    Plaintiff,<br><br>        v.<br><br>MACY'S WEST STORES, INC., an Ohio Corporation, doing business as MACY'S; MACY'S RETAIL HOLDINGS, LLC, doing business as MACY'S; and DOES 1-50, inclusive,<br><br>                    Defendants. | Case No. 3:21-cv-03033-JD<br><br>**<u>CLASS ACTION COMPLAINT</u>**<br><br>*Assigned for All Purposes To:*<br>Hon. James Donato<br><br>**FIRST AMENDED COMPLAINT FOR DAMAGES FOR:**<br><br>**1)    Failure to Pay Minimum Wages Owed;**<br><br>**2)    Failure to Pay Overtime;**<br><br>**3)    Failure to Provide Lawful Meal Periods;**<br><br>**4)    Failure To Authorize And Permit Rest Periods;**<br><br>**5)    Failure To Timely Pay Wages Due And Payable During Employment;**<br><br>**6)    Failure to Furnish Accurate Itemized Wage Statements;**<br><br>**7)    Failure to Reimburse Necessary Expenses;**<br><br>**8)    Violation of the Unfair Competition Law;**<br><br>**DEMAND FOR JURY TRIAL** |

Plaintiff EMI BRUEMMER ("Plaintiff"), an individual, asserts claims against defendant MACY'S WEST STORES, INC., an Ohio Corporation, doing business as MACY'S; defendant MACY'S RETAIL HOLDINGS, LLC, an Ohio limited liability company, doing business as MACY'S; and DOES 1-50, inclusive (collectively "MACY'S" or "Defendants") as follows:

## INTRODUCTION

1.      This is a Class Action, pursuant to Federal Rule of Civil Procedure, Rules 23(b)(1) and Rule 23(b)(3), on behalf of Plaintiff and any and all persons who are or were employed by Defendants as non-exempt employees, however titled, in Defendants' retail stores in the State of California within four (4) years prior to the filing of the Complaint in this action until the resolution of this lawsuit (collectively referred to as the "Class" or "Class Members" or "Non-Exempt Employees").

2.      During the "liability period," as defined as the applicable statute of limitations for each and every cause of action contained herein – i.e. Plaintiff's claims under the Unfair Competition Law is four (4) years; Plaintiff's claims for either unpaid wages or actual damages is three (3) years; and Plaintiff's claims for statutory penalties is one (1) year from the filing of this action through the present (referred to as "the liability period(s)") – Defendants consistently maintained and enforced against its Non-Exempt Employees unlawful practices and policies in violation of California state wage and hour laws, including failing to lawfully and accurately pay Plaintiff and Class Members for all hours worked, including minimum wages and overtime; failing to lawfully provide meal periods and authorize and permit rest periods; failing to pay one (1) hour of pay at the employee's regular rate of pay when legally mandated meal or rest periods were not lawfully provided; failing to accurately pay overtime; failing to reimburse necessary expenses; failing to provide accurate itemized wage statements; and failing to keep accurate records.

3.      Defendants implemented uniform policies and practices that deprived

Plaintiff and Class Members of earned wages, including minimum wages; straight time wages; overtime wages; premium wages; and which failed to reimburse necessary expenses; and lawful meal and/or rest breaks.

4. Such actions and policies, as described above and further herein, were and continue to be in violation of the California Labor Code. Plaintiff, on behalf of herself and all Class members, brings this action pursuant to the California Labor Code, including sections 201, 202, 203, 204, 210, 218.5, 218.6, 221-224, 226, 226.3, 226.7, 246, 510, 512, 516, 558, 1174, 1194, 1194.2, 1195, 1197, 1198, 2802, applicable IWC California Wage Orders and California Code of Regulations, Title 8, section 11000, *et seq.*, seeking unpaid wages, unpaid meal and rest period compensation, proper sick pay, penalties, liquidated damages, and reasonable attorneys' fees and costs.

5. Plaintiff, on behalf of herself and others similarly situated, pursuant to Business and Professions Code sections 17200-17208, also seeks injunctive relief and restitution from Defendants for their failure to pay to Plaintiff and the Class Members all of their wages, including minimum wages, overtime and premium wages, their failure to timely pay wages, failure to provide lawful meal and rest breaks, and their failure to reimburse expenses.

## JURISDICTION AND VENUE

6. This Court has subject matter jurisdiction over Plaintiff's complaint, as Defendant has removed this action to the Northern District of California on diversity grounds pursuant to 28 USC 1332, 1441, and 1446.

7. Venue is proper in the Northern District of California because the case was removed from the Superior Court of Marin. In addition, pursuant to 28 U.S.C. § 1391, venue is proper because Defendant is a corporation that (i) is subject to personal jurisdiction in this District, and, therefore, resides in this District and/or (ii) committed the wrongful conduct against certain members of the Class in this

District.

**PARTIES**

8.     Defendant Macy's West Stores, Inc., which will do business in California as Macy's, is an Ohio corporation in good standing that is authorized to do business throughout the state. Macy's West Stores, Inc.'s headquarters are located at 7 West 7th Street; Cincinnati, Ohio 45202.

9.     Defendant Macy's Retail Holdings, LLC, does business in California as Macy's. It is an Ohio limited liability company in good standing that is authorized to do business throughout the state. The entity's headquarters are located at 7 West 7th Street; Cincinnati, Ohio 45202.

10.     Defendants operate numerous retail stores in California from numerous locations. Defendants jointly employed Plaintiff and the Class Members during the relevant time period.

11.     Plaintiff Emi Bruemmer is and during the liability period has been, a resident of California.

12.     Plaintiff was employed by Defendants at various times during the liability period as a non-exempt, hourly customer service associate in Corte Madera, CA.

13.     Plaintiff and the members of the putative class were employed by Defendants as non-exempt retail employees, however titled, (the "Class Members" or "Non-Exempt Employees") during the liability period.

14.     Whenever in this complaint reference is made to any act, deed, or conduct of Defendants, the allegation means that Defendants engaged in the act, deed, or conduct by or through one or more of Defendants' officers, directors, agents, employees, or representatives, who was actively engaged in the management, direction, control, or transaction of the ordinary business and affairs of Defendants.

15.     The true names and capacities of Defendants, whether individual, corporate, associate, or otherwise, sued herein as DOES 1 through 50, inclusive, are

currently unknown to Plaintiff, who therefore sue Defendants by such fictitious names under Code of Civil Procedure section 474. Plaintiff will seek leave of court to amend this Complaint to reflect the true names and capacities of the Defendants designated hereinafter as DOES when such identities become known.

16. Plaintiff is informed and believes, and thereon alleges, that the Doe Defendants are the partners, agents, or principals and co-conspirators of Defendants and of each other; that Defendants and the Doe Defendants performed the acts and conduct herein alleged directly, aided and abetted the performance thereof, or knowingly acquiesced in, ratified, and accepted the benefits of such acts and conduct, and therefore each of the Doe Defendants is liable to the extent of the liability of the Defendants as alleged herein.

17. Plaintiff is further informed and believes, and thereon alleges, that at all times material herein, each Defendant was completely dominated and controlled by its co-Defendants and each was the alter ego of the other. Whenever and wherever reference is made in this complaint to any conduct by Defendant or Defendants, such allegations and references shall also be deemed to mean the conduct of each of the Defendants, acting individually, jointly, and severally. Whenever and wherever reference is made to individuals who are not named as Defendants in this complaint, but were employees and/or agents of Defendants, such individuals, at all relevant times acted on behalf of Defendants named in this complaint within the scope of their respective employments.

## **FACTUAL ALLEGATIONS**

18. During the relevant time frame, Defendants compensated Plaintiff and the Non-Exempt Employees based upon an hourly wage.

19. Plaintiff and the Class Members were, and at all times pertinent hereto, have been non-exempt employees within the meaning of the California Labor Code, and the implementing rules and regulations of the IWC California Wage Orders.

They are subject to the protections of the IWC Wage Orders and the Labor Code.

20. Plaintiff has been employed as an hourly non-exempt customer service associate since in or about November 2020.

21. Plaintiff provided customer service, sales, and related retail functions at Defendants' retail store location in Corte Madera, California.

22. The members of the putative class worked as non-exempt employees for Defendants at their retail locations throughout the state of California during the liability period.

23. Plaintiff is informed and believes, and thereon alleges, that Defendants are and were advised by skilled lawyers and other professionals, employees, and advisors with knowledge of the requirements of California's wage and employment laws.

24. All Class Members, including Plaintiff, are similarly situated in that they were and are all subject to Defendants' uniform policies and systemic practices as specified herein.

25. Plaintiff and the Class Members were not properly compensated for all hours worked, in part because they were frequently required to work off the clock. For example, Class Members were required to work off the clock to respond to communications from store management and other personnel, and from clients and prospective clients while off duty. In addition, Plaintiff and the Class Members were expected to advertise, market Defendants' merchandise, and encourage clients to visit the stores and make purchases while off duty.

26. In addition, by virtue of Defendants' requirement that employees clock in and out at register terminals and its failure to provide a sufficient number of register terminals for clocking in and out, employees were frequently required to wait in line to clock in or out and often had to address customer inquiries and requests during such time. As a result of Defendants' policies, Plaintiff and the Class Members were required to assist said customers despite being off the clock.

27. In addition, Plaintiff and the Class Members were interrupted during purported meal and rest periods to respond to client and supervisor inquiries, and to attend to client requests. Accordingly, such hours during meal period should have been recorded as hours worked and should have been compensated.

28. Plaintiff estimates, upon information and belief, that she and the Class Members were required to work off the clock as a consequence of these policies and practices on approximately 60% of working shifts.

29. In addition, the Class Members frequently worked in excess of eight (8) hours a day and/or over forty (40) hours in a workweek, but were not properly paid for such time at a rate of time and one-half (1.5) the employee's regular rate of pay per hour. Plaintiff and the Class Members also often worked in excess of twelve (12) hours in one (1) day and/or over eight (8) hours on the seventh (7th) day of the workweek, but were not properly paid for such time at a rate of two (2) times the employee's regular rate of pay per hour.

30. Upon information and belief, Plaintiff alleges that Defendants failed to properly calculate Plaintiff's and the Class Members' regular rate of pay because Defendants failed to include all forms of compensation in the regular rate including earned differentials, bonuses, incentives, commissions, and other compensation.

31. In addition, Plaintiff alleges that as a result of Defendants' practices which led to work off the clock as specified above, Plaintiff and the Class Members were required to work overtime hours off the clock when such hours occurred when the individual had worked over eight hours in a day or over forty hours in a week.

32. Plaintiff and, upon information and belief, the Class Members were often required to work shifts in excess of five (5) hours without being provided a lawful, timely meal period and over ten (10) hours in a day without being provided a second lawful, timely meal period as required by law.

33. Indeed, upon information and belief, during the relevant time, as a consequence of Defendants' understaffing of stores, scheduling practices, lack of

coverage, failure to schedule meal periods, unrealistic work demands, and Defendants' policies and practices, Defendants often failed to provide Plaintiff and the Class Members timely, legally compliant uninterrupted thirty (30) minute meal periods on shifts over five (5) hours and second (2nd) meal periods on shifts over ten (10) hours as required by law. Defendants did not relieve employees of all duty, relinquish control, and permit a meal period as required by law.

34. Plaintiff alleges, upon information and belief, that meal periods were often provided late to her and the Class Members due to Defendants' policies and practices, understaffing, and work demands.

35. Moreover, as set forth above, meal periods were frequently interrupted or cut short to respond to client and supervisor inquiries, and to attend to client requests. Such work often took place off the clock.

36. On information and belief, Plaintiff and Class Members did not waive their rights to meal periods under the law.

37. Plaintiff and the Class Members were not provided with valid lawful on-duty meal periods.

38. Despite the above-mentioned meal period violations, Defendants failed to compensate Plaintiff, and on information and belief, failed to compensate Class Members, one (1) additional hour of pay at their regular rate as required by California law when meal periods were not timely or lawfully provided in a compliant manner.

39. Plaintiff is informed and believes, and thereon alleges, that Defendants know, should know, knew, and/or should have known that Plaintiff and the other Class Members were entitled to receive premium wages based on their regular rate of pay under Labor Code section 226.7 but were not receiving such compensation.

40. In addition, during the relevant time frame, Plaintiff and, upon information and belief, the Non-Exempt Employees were systematically not authorized and permitted to take one (1) net ten (10) minute paid, rest period for every four (4) hours worked or major fraction thereof, which is a violation of the Labor

Code and IWC wage order.

41. Upon information and belief, Defendants understaffed retail stores, and maintained and enforced staffing and scheduling practices and policies, coverage policies, and imposed work demands that frequently required Plaintiff and Class Members to forego their lawful, paid rest periods of a net ten (10) minutes for every four (4) hours worked or major fraction thereof. Such requisite rest periods were not timely and lawfully authorized and permitted. Defendants did not relieve employees of all duty, relinquish control, and permit a meal period as required by law.

42. Moreover, as set forth above, to the extent rest periods were taken (albeit infrequently), such rest periods were interrupted or cut short to respond to client and supervisor inquiries, and to attend to client requests.

43. Plaintiff estimates upon, information and belief, that prior to filing her initial complaint, she was not lawfully authorized and permitted to take a rest period on 80% of her working shifts.

44. Despite the above-mentioned rest period violations, Defendants did not compensate Plaintiff, and on information and belief, did not pay Class Members one (1) additional hour of pay at their regular rate as required by California law, including Labor Code section 226.7 and the applicable IWC wage order, for each day on which lawful rest periods were not authorized and permitted.

45. Moreover, Plaintiff and the Class Members were required to incur necessary expenses in the discharge of their duties, including without limitation cell phone expenses, but were not reimbursed for such necessary expenses.

46. Defendants also failed to provide accurate, lawful itemized wage statements to Plaintiff and the Class Members in part because of the above specified violations. In addition, upon information and belief, Defendants omitted an accurate itemization of total hours worked, hours of sick leave accrued, all applicable rates of pay, gross pay and net pay figures from Plaintiff and the Class Members' wage statements.

47.     In addition, upon information and belief, Defendants failed to timely and properly pay sick leave as required by law, including as required by the Healthy Workplace Healthy Family Act of 2014 (HWHFA), the Families First Coronavirus Response Act (FFCRA) and California Covid-19 Supplemental Paid Sick Leave laws.

48.     This failure to timely and properly pay sick leave pay to Plaintiff and the Class Members when they took sick leave also constitutes a violation of Labor Code section 204, 1194 and 1197.

49.     Plaintiff is informed and believes, and thereon alleges, that at all times herein mentioned, Defendants knew that at the time of termination of employment (or within seventy-two (72) hours thereof for resignations without prior notice as the case may be) they had a duty to accurately compensate Plaintiff and the Class Members for all wages owed including minimum wages, straight time wages, sick pay, overtime, rest period premiums, and that Defendants had the financial ability to pay such compensation, but willfully, knowingly, recklessly, and/or intentionally failed to do so in part because of the above-specified violations.

50.     Plaintiff is informed and believes that Defendants have also violated Labor Code section 1198 by failing to provide suitable seating to Plaintiff and the Class Members even though the nature of the work reasonably permitted the use of such seats.

51.     In addition, Defendants failed to provide an adequate number of suitable seats in reasonable proximity to Class Members' work areas.

52.     In addition, Defendants failed to provide aggrieved employees with suitable seats for use during downtime or while working at the registers/computers or other locations in the store.

53.     Defendants have also made it difficult to determine applicable rates of pay and account with precision for the unlawfully withheld wages and deductions due to be paid to Non-exempt Employees, including Plaintiff, during the liability

period because they did not implement and preserve a lawful record-keeping method to record all hours worked, meal periods, and non-provided rest and meal periods owed to employees as required for non-exempt employees by 29 U.S.C. section 211(c), California Labor Code section 226, and applicable California Wage Orders.

54. In addition, as set forth more extensively below, Plaintiff alleges Defendants failed to comply with Labor Code section 226, because Defendants failed to provide and maintain written wage statements in ink or other indelible format, as employees were merely provided with electronic access to purported wage statements during employment. Upon information and belief, such records were not maintained in indelible format.

55. Labor Code section 1174(d) also requires Defendants to maintain and preserve, in a centralized location, among other items, records showing the names and addresses of all employees employed and payroll records showing the hours worked daily by, and the wages paid to, its employees.

56. On information and belief and based thereon, Plaintiff alleges that Defendants have knowingly and intentionally failed to comply with Labor Code section 1174, including by implementing the policies and procedures and committing the violations alleged herein.

57. Plaintiff and the Class Members are covered by applicable California IWC Wage Orders and corresponding applicable provisions of the California Code of Regulations, Title 8, section 11000, *et seq*.

## CLASS ACTION ALLEGATIONS

58. Plaintiff brings this action on her own behalf, as well as on behalf of each and every other person similarly situated, and thus, seeks class certification pursuant to Federal Rule of Civil Procedure, Rules 23(b)(1) and Rule 23(b)(3).

59. All claims alleged herein arise under California law for which Plaintiff seeks relief as authorized by California law.

60. The **proposed class** is comprised of and defined as: All persons

currently or formerly employed by Defendants as non-exempt employees, however titled, at Defendants' retail locations throughout the state of California within four (4) years prior to the filing of the Complaint in this action until the resolution of this lawsuit (hereinafter collectively referred to as the "Class" or "Class Members").

61.  Plaintiff also seeks to represent Subclasses included in the Plaintiff's Class, which are composed of Class Members satisfying the following definitions:

a.  All Class Members who were not paid at least minimum wage for each hour worked **(collectively "Minimum Wage Subclass**");

b.  All Class Members who were not timely and properly paid sick leave when taken **(collectively "Sick Leave Subclass**");

c.  All Class Members who were not accurately paid overtime for hours worked over eight (8) in a day or over forty (40) in a workweek **(collectively "Overtime Subclass**");

d.  All Class Members who worked more than five (5) hours in a workday and were not provided with a timely, uninterrupted lawful meal period of net thirty (30) minutes, and were not paid compensation of one (1) hour premium wages at the employee's regular rate in lieu thereof (hereinafter collectively referred to as the "**First Meal Period Subclass**");

e.  All Class Members who worked more than ten (10) hours in a workday and were not provided with a timely, uninterrupted lawful second meal period of net thirty (30) minutes, and were not paid compensation of one (1) hour premium wages at the employee's regular rate in lieu thereof (hereinafter collectively referred to as the "**Second Meal Period Subclass**");

f.  All Class Members who worked more than three and a half (3.5) hours in a workday and were not authorized and permitted to take a lawful net ten (10) minute rest period and were not paid compensation of one (1) hour premium wages at the employee's regular rate in lieu thereof (hereinafter collectively referred to as the "**First Rest Period Subclass**");

g. All Class Members who worked more than six (6) hours in a workday and were not authorized and permitted to take a second lawful net ten (10) minute rest period and were not paid compensation of one (1) hour premium wages at the employee's regular rate in lieu thereof (hereinafter collectively referred to as the "**Second Rest Period Subclass**");

h. All Class Members who worked more than ten (10) hours in a workday and were not authorized and permitted to take a third lawful net ten (10) minute rest period and were not paid compensation of one (1) hour premium wages at the employee's regular rate in lieu thereof (hereinafter collectively referred to as the "**Third Rest Period Subclass**");

i. All Class Members who did not receive all owed wages at the time of separation or within seventy-two (72) hours in the case of resignation (hereinafter collectively referred to as the "**Waiting Time Subclass**");

j. All Class Members who were not provided with accurate and complete itemized wage statements (hereinafter collectively referred to as the "**Inaccurate Wage Statement Subclass**");

k. All Class Members who were not reimbursed for all necessary expenditures (collectively "**Indemnification Subclass**").

l. All Class Members who were employed by Defendants and subject to Defendants' Unfair Business Practices (hereinafter collectively referred to as the "**Unfair Business Practices Subclass**").

62. Plaintiff reserves the right to amend or modify the descriptions of the Class and Subclasses to provide greater specificity as appropriate, or if it should be deemed necessary by the Court or to further divide the Class Members into additional Subclasses or to limit the Subclasses to particular issues. Any reference herein to the Class Members or the Plaintiffs' Class includes the members of each of the Subclasses.

63. As set forth in further detail below, this action has been brought and may

properly be maintained as a class action pursuant to Federal Rule of Civil Procedure, Rules 23(b)(1) and Rule 23(b)(3) because there is a well-defined community of interest in the litigation, and the proposed Class and Subclasses are easily ascertainable through Defendants' records.

a. <u>Numerosity</u>: The members of the Class and Subclasses are so numerous that joinder of all members of the Class and Subclasses would be unfeasible and impractical. The membership of the entire Class and Subclasses is unknown to Plaintiff at this time; however, the Class is estimated to be hundreds of individuals. Accounting for employee turnover during the relevant periods necessarily increases this number substantially. Plaintiff alleges Defendants' employment records would provide information as to the number and location of all Class Members. Joinder of all members of the proposed Class is not practicable.

b. <u>Ascertainability</u>: The proposed class is easily ascertainable. The number and identity of the class members are determinable from Defendants' payroll records and time records for each class member.

c. <u>Commonality</u>: There are common questions of law and fact as to the Class and Subclasses that predominate over questions affecting only individual Class Members. These common questions of law and fact include, without limitation:

1) Whether Defendants were required to pay Class Members for hours worked off the clock to respond to client and store inquiries;

2) Whether Defendants were required to pay Class Members for time spent waiting to clock in and assisting clients while off the clock;

3) Whether Defendants had a policy and practice relating to clocking in and out which caused employees to work off the clock;

4) Whether Defendants paid Class Members at least minimum wage for all hours worked;

5) Whether Defendants knew or should have known that Class Members were required to perform work off the clock;

6) Whether Defendants paid overtime using the proper regular rate;

7) Whether Defendants paid sick time pay using the proper regular rate;

8) Whether Defendants were required to timely pay sick leave when taken;

9) Whether Defendants accurately calculated and paid all Class Members overtime premiums for the hours which Plaintiff and Class Members worked in excess of eight (8) hours per day and/or forty (40) hours per week;

10) Whether Defendants had a policy and practice of providing lawful, timely meal periods in accordance with Labor Code section 512, as well as the applicable Industrial Welfare Commission ("IWC") wage order;

11) Whether Defendants had a policy and practice of complying with Labor Code section 226.7 and IWC Wage Order 7-2001 on each instance that a lawful meal period was not lawfully provided;

12) Whether Defendants authorized and permitted lawful, net ten (10) minute rest period to the Class Members for every four (4) hours or major fraction thereof worked;

13) Whether Defendants had a policy and practice of complying with Labor Code section 226.7 and the IWC Wage Order 7-2001 on each instance that a lawful rest period was not provided;

14) Whether Defendants timely paid wages earned during employment as required by the IWC Wage Order 7-2001, Labor Code sections 204 and 210;

15) Whether Defendants failed to timely pay all wages upon separation in accordance with Labor Code sections 201-202;

16) Whether Defendants were required to reimburse Plaintiff and the Class Members for cellular phone usage;

17) Whether Defendants failed to provide suitable seating to aggrieved employees;

18) Whether Defendants reimbursed employees for necessary expenses in accordance with Labor Code section 2802;

19) Whether Defendants omitted required information from itemized wage statements;

20) Whether Defendants maintained accurate records of Class Members' earned wages, applicable hourly rates, hours worked, work periods, meal periods and deductions;

21) Whether Defendants engaged in unfair competition in violation of section 17200, *et seq*. of the Business and Professions Code;

22) Whether Defendants' conduct was willful and/or reckless;

23) Whether Defendants provided accurate itemized wage statements in violation of Labor Code section 226; and

24) The appropriate amount of damages, restitution, and/or monetary penalties resulting from Defendants' violations of California law.

d.  Typicality:  Plaintiff is qualified to, and will fairly and adequately protect the interests of each member of the Class and Subclasses with whom she has a well-defined community of interest. Plaintiff's claims herein alleged are typical of those claims which could be alleged by any member of the Class and/or Subclasses, and the relief sought is typical of the relief which would be sought by each member of the Class and/or Subclasses in separate actions. All members of the Class and/or Subclasses have been similarly harmed by Defendants' failure to provide lawful meal and rest periods, failure to provide accurate wage statements, failure to timely pay wages at termination, failure to pay minimum wages, failure to properly pay overtime, failure to reimburse necessary expenses, failure to timely and properly pay

sick leave, failure to timely pay wages during employment, failure to provide suitable seating, and failure to accurately pay all wages earned including all owed premium and overtime wages, all due to Defendants' policies and practices that affected each member of the Class and/or Subclasses similarly. Further, Defendants benefited from the same type of unfair and/or wrongful acts as to each member of the Class and/or Subclasses.

e.    Adequacy:  Plaintiff is qualified to, and will fairly and adequately protect the interests of each member of the Class and/or Subclasses with whom she has a well-defined community of interest and typicality of claims, as demonstrated herein.  Plaintiff acknowledges that she has an obligation to make known to the Court any relationships, conflicts, or differences with any member of the Class and/or Subclasses, and no such relationships or conflicts are currently known to exist. Plaintiff's attorneys and the proposed counsel for the Class and Subclasses are versed in the rules governing class action discovery, certification, litigation, and settlement and experienced in handling such matters.  Other former and current employees of Defendants may also serve as representatives of the Class and Subclasses if needed.

f.    Superiority:  The nature of this action makes the use of class action adjudication superior to other methods.  A class action will achieve economies of time, effort, judicial resources, and expense, which would not be achieved with separate lawsuits.  The prosecution of separate actions by individual members of the Class and/or Subclasses would create a risk of inconsistent and/or varying adjudications with respect to the individual members of the Class and/or Subclasses, establishing incompatible standards of conduct for the Defendants, and resulting in the impairment of the rights of the members of the Class and/or Subclasses and the disposition of their interests through actions to which they were not parties.  Thus, a class action is superior to other available means for the fair and efficient adjudication of this controversy because individual joinder of all Class Members is not practicable, and questions of law and fact common to the Class predominate over any questions

affecting only individual Class Members. Each member of the Class has been damaged and is entitled to recovery by reason of Defendants' unlawful policies and practices, including Defendants' failure to provide lawful meal and rest periods, failure to provide accurate wage statements, failure to timely pay wages at termination, failure to pay minimum wages, failure to properly pay overtime, failure to reimburse necessary expenses, failure to timely and properly pay sick leave, failure to provide suitable seats, failure to timely pay wages during employment, and failure to accurately pay all wages earned including all owed premium and overtime wages, all due to Defendants' policies and practices that affected each member of the Class and/or Subclasses similarly. Class action treatment will allow those similarly situated persons to litigate their claims in the manner that is most efficient and economical for both parties and the judicial system. Plaintiff is unaware of any difficulties that are likely to be encountered in the management of this action that would preclude its maintenance as a class action.

g.     Public Policy Considerations: Employers in the state of California violate employment and labor laws every day.  However, current employees are often afraid to assert their rights out of fear of direct or indirect retaliation.  Former employees are fearful of bringing actions because they believe their former employers may damage their future endeavors through negative references and/or other means. The nature of this action allows for the protection of current and former employees' rights without fear of retaliation or damage. Additionally, the citizens of California have a significant interest in ensuring employers comply with California's labor laws and in ensuring those employers who do not are prevented from taking further advantage of their employees.

///

///

///

///

# CLASS ACTION CLAIMS

## FIRST CAUSE OF ACTION

## FAILURE TO PAY MINIMUM WAGES

### (By Plaintiff and the Class Against Defendants)

64. Plaintiff incorporates each and every allegation set forth in all of the foregoing paragraphs as if fully set forth herein.

65. Labor Code section 204 establishes the fundamental right of all employees in the State of California to be paid wages, including minimum wage, straight time and overtime, in a timely fashion for their work.

66. Labor Code section 1194(a) provides that notwithstanding any agreement to work for a lesser wage, any employee receiving less than the legal minimum wage or the legal overtime compensation applicable to the employee is entitled to recover in a civil action the unpaid balance of the full amount of this minimum wage or overtime compensation, including interest thereon, reasonable attorney's fees, and costs of suit.

67. Labor Code section 1197 provides: The minimum wage for employees fixed by the commission or by any applicable state or local law, is the minimum wage to be paid to employees, and the payment of a lower wage than the minimum so fixed is unlawful.

68. Pursuant to Labor Code section 1198, it is unlawful to employ persons for longer than the hours set by the Industrial Welfare Commission or under conditions prohibited by the IWC Wage Order(s).

69. The applicable wage orders and California Labor Code sections 1197 and 1182.12 establish the right of employees to be paid minimum wages for all hours worked, in amounts set by state law.

70. Labor Code sections 1194(a) and 1194.2(a) provide that an employee who has not been paid the legal minimum wage as required by Labor Code section 1197 may recover the unpaid balance together with attorneys' fees and costs of suit,

as well as liquidated damages in an amount equal to the unpaid wages and interest accrued thereon.

71. During all relevant periods, the California Labor Code and wage orders required that Defendants fully and timely pay its non-exempt, hourly employees all wages earned and due for all hours worked.

72. The IWC Wage Orders define "hours worked" as "the time during which an employee is subject to the control of an employer, and includes all the time the employee is suffered or permitted to work, whether or not required to do so."

73. At all times relevant, Plaintiff and Class Members consistently worked hours for which they were not paid because Defendants frequently required Plaintiff and the Class Members to work off the clock.

74. Plaintiff is informed and believes that Defendants were aware that Plaintiff and the Class Members were working off the clock and that they should have been paid for this time.

75. In addition, upon information and belief, the Defendants failed to pay Plaintiff and Class Members at least minimum wage for each hour worked in accordance with the local, city and state minimum wage orders, and statutes setting minimum wage standards (including without limitation applicable sick pay laws).

76. Defendants knew or should have known Plaintiffs and the Class Members were undercompensated as a result of these practices.

77. Defendants' policy and practice of not paying all minimum wages earned violates California Labor Code sections 204, 210, 216, 558, 1182.12, 1194, 1197, 1197.1, 1198, and the applicable wage order 7-2001.

78. Due to Defendants' violations of the California Labor Code and wage orders, Plaintiff and the Class members are entitled to recover from Defendants their unpaid wages, statutory penalties, reasonable attorneys' fees and costs in this action, and pre-judgment and post-judgment interest, as well as liquidated damages.

## SECOND CAUSE OF ACTION
## <u>FAILURE TO PAY OVERTIME OWED</u>
### (By Plaintiff and the Class Against All Defendants)

79.    Plaintiff incorporates each and every allegation set forth in all of the foregoing paragraphs as if fully set forth herein.

80.    During all relevant periods, Defendants required Plaintiff and the Class members to work shifts in excess of eight (8) hours per workday and/or to work in excess of forty (40) hours per workweek.

81.    During all relevant periods, both the California Labor Code sections 1194, 1197, 510, 1198, and the pertinent wage order 7-2001 required that all work performed by an employee in excess of eight (8) hours in any workday, on the seventh day of work in any workweek, or in excess of forty (40) hours in any workweek be compensated at one and one-half (1.5) times the employee's regular rate of pay.  Any work in excess of twelve (12) hours in one (1) day is required to be compensated at the rate of no less than twice the regular rate of pay for an employee. In addition, any work in excess of eight (8) hours on any seventh (7th) day of a workweek is required to be compensated at the rate of no less than twice the regular rate of pay of an employee.

82.    During all relevant periods, Defendants had a uniform policy of requiring Plaintiff and the Class members to work in excess of eight (8) hours in a workday and/or in excess of forty (40) hours in a workweek without compensating them at a rate of one and one-half (1.5) times their regular rate of pay.  Upon information and belief, Defendants also failed to properly compensate Plaintiff and the Class Members for hours worked in excess of twelve (12) hours in one (1) day, or eight (8) hours on the seventh (7th) day of a workweek.

83.    The IWC Wage Orders define "hours worked" as "the time during which an employee is subject to the control of an employer, and includes all the time the employee is suffered or permitted to work, whether or not required to do so."

84.     At all times relevant, Plaintiff and Class Members consistently worked hours for which they were not paid because Plaintiff and the Class Members were required to work off the clock—some of these hours were over eight (8) hours in one (1) workday or in excess of forty (40) hours in a workweek and should have been paid at the overtime rate.

85.     Plaintiff is informed and believes that Defendants were aware that Plaintiff and the Class Members were working off the clock and that they should have been paid for this time.

86.     In addition, upon information and belief, Defendants failed to incorporate all forms of compensation, including without limitation bonuses and incentives, into the regular rate for overtime purposes.

87.     As a result, Defendants failed to pay Plaintiff and the Class members earned overtime wages and such employees suffered damages as a result.

88.     Defendants knew or should have known Plaintiffs and the Class Members were undercompensated as a result of these practices.

89.     Due to Defendants' violations of the California Labor Code, Plaintiff and the Class members are entitled to recover from Defendants their unpaid overtime wages, reasonable attorneys' fees and costs in this action, and pre-judgment and post-judgment interest, statutory penalties, and liquidated damages.

## THIRD CAUSE OF ACTION

## <u>FAILURE TO PROVIDE LAWFUL MEAL PERIODS</u>

### (By Plaintiff and the Class Against All Defendants)

90.     Plaintiff incorporates by reference and realleges each and every allegation contained above, as though fully set forth herein.

91.     Pursuant to Labor Code section 512, no employer shall employ an employee for a work period of more than five (5) hours without providing a meal break of not less than thirty (30) minutes in which the employee is relieved of all of his or her duties, except that when a work period of not more than six (6) hours will

complete the day's work the meal period may be waived by mutual consent of the employer and employee.

92. Similarly, pursuant to Labor Code section 512, no employer shall employ an employee for a work period of more than ten (10) hours without providing a second meal break of not less than thirty (30) minutes in which the employee is relieved of all of his or her duties. A second (2nd) meal break may only be waived by mutual consent, and if the employee did not waive his or her first meal period, and the employee's work day will not exceed twelve hours.

93. For the four (4) years preceding the filing of this lawsuit, Defendants failed to provide Plaintiff and Class Members timely and uninterrupted first meal periods of not less than thirty (30) minutes within the first five (5) hours of a shift.

94. For the four (4) years preceding the filing of this lawsuit, Defendants also failed to provide Plaintiff and Class Members timely and uninterrupted second (2nd) meal periods of not less than thirty (30) minutes on shifts longer than ten (10) hours.

95. Indeed, during the relevant time, as a consequence of Defendants' staffing and scheduling practices, labor budgets, lack of coverage, work demands, and Defendants' policies and practices, Plaintiff and the Class Members were frequently not provided with legally required timely meal periods. In addition, meal periods were frequently late or short.

96. On information and belief, Plaintiff and Class Members did not waive their rights to meal periods under the law and were not provided with valid lawful on-duty meal periods.

97. Plaintiff and the Class Members were not paid one (1) hour of pay at their regular rate for each day that a first (1st) or second (2nd) meal period was not lawfully provided.

98. As a proximate result of the aforementioned violations, Plaintiff and the Class Members have been damaged in an amount according to proof at time of trial.

99.     Pursuant to Labor Code section 226.7, Plaintiff and Class Members are entitled to recover one (1) hour of premium pay for each day in which a meal period violation occurred.  They are also entitled to recover reasonable attorneys' fees, cost, interest, and penalties as applicable.

100.     As a result of the unlawful acts of Defendants, Plaintiffs and the Class they seek to represent have been deprived of premium wages in amounts to be determined at trial, and are entitled to recovery of such amounts, plus interest and penalties thereon, attorneys' fees, and costs, under Labor Code sections 218.6, 226.7, 512 and the applicable IWC Wage Orders, and Civil Code section 3287.

### FOURTH CAUSE OF ACTION

### FAILURE TO AUTHORIZE AND PERMIT LAWFUL REST PERIODS

### (By Plaintiff and the Class Against All Defendants)

101.     Plaintiff incorporates by reference and realleges each and every allegation contained above, as though fully set forth herein.

102.     Pursuant to the IWC wage orders applicable to Plaintiff's and Class Members' employment by Defendants, "Every employer shall authorize and permit all employees to take rest periods, which insofar as practicable shall be in the middle of each work period…. [The] authorized rest period time shall be based on the total hours worked daily at the rate of ten (10) minutes net rest time per four (4) hours worked or major fraction thereof.… Authorized rest period time shall be counted as hours worked, for which there shall be no deduction from wages."

103.     Labor Code section 226.7(a) prohibits an employer from requiring any employee to work during any rest period mandated by an applicable order of the IWC.

104.     Defendants were required to authorize and permit employees such as Plaintiff and Class Members to take rest periods during shifts in excess of three and one-half (3.5) hours, based upon the total hours worked at a rate of ten (10) minutes

net rest per four (4) hours worked, or major fraction thereof, with no deduction from wages.

105. Despite said requirements of the IWC wage orders applicable to Plaintiff's and Class Member's employment with Defendants, Defendants failed and refused to authorize and permit Plaintiff and Class Members to take lawful, net ten (10) minute rest periods for every four (4) hours worked, or major fraction thereof.

106. Defendants did not pay Plaintiff one (1) additional hour of pay at his regular rate of pay for each day that a rest period violation occurred. On information and belief, the other members of the Class endured similar violations as a result of Defendants' rest period policies and practices and Defendants did not pay said Class Members premium pay as required by law.

107. By their failure to authorize and permit Plaintiff and the Class Members to take a lawful, net ten (10) minute rest period free from work duties every four (4) hours or major fraction thereof worked, including failure to provide two (2) total rest periods on six to ten hour shifts and three (3) total ten (10) minute rest periods on days on which Plaintiff and the other Class Members work(ed) work a third (3rd) rest period for shifts in excess of ten (10) hours, and by their failure to provide compensation for such unprovided rest periods as alleged herein, Defendants willfully violated the provisions of Labor Code sections 226.7 and the applicable IWC Wage Order(s).

108. As a result of the unlawful acts of Defendants, Plaintiffs and the Class they seek to represent have been deprived of premium wages in amounts to be determined at trial, and are entitled to recovery of such amounts, plus interest and penalties thereon, attorneys' fees, and costs, under Labor Code sections 218.6, 226.7, the applicable IWC Wage Orders, and Civil Code section 3287.

**FIFTH CAUSE OF ACTION**

**<u>FAILURE TO TIMELY PAY WAGES DUE AND PAYABLE DURING</u>**

**<u>EMPLOYMENT</u>**

**(By Plaintiff and the Class Against All Defendants)**

109.   Plaintiff incorporates by reference and realleges each and every allegation contained above, as though fully set forth herein.

110.   Labor Code section 204 requires that all wages are due and payable twice in each calendar month.

111.   The wages required by Labor Code sections 226.7, 246, 510, 1194 and other sections became due and payable to each employee in each month that he or she was not provided with a meal period or rest period or paid minimum wage, sick leave, straight or overtime wages to which he or she was entitled.

112.   Defendants violated Labor Code section 204 by systematically refusing to pay wages due under the Labor Code when earned.  Defendants failure to pay these wages as earned during the relevant pay periods at least twice during each calendar month constitutes a violation.

113.   Labor Code section 210 (a) provides that "In addition to, and entirely independent and apart from, any other penalty provided in this article, every person who fails to pay the wages of each employee as provided in Sections 201.3, 204, 204b, 204.1, 204.2, 204.11, 205, 205.5, and 1197.5, shall be subject to a penalty as follow:

(1) For any initial violation, one hundred dollars ($100) for each failure to pay each employee.

(2) For each subsequent violation, or any willful or intentional violation, two hundred dollars ($200) for each failure to pay each employee, plus 25 percent of the amount unlawfully withheld."

114.   As a result of the unlawful acts of Defendants, Plaintiff and the Class she seeks to represent have been deprived of timely payment of wages in amounts to

be determined at trial, and are entitled to recovery of 25% of the amount unlawfully withheld, penalties, plus interest thereon, attorneys fees, and costs, pursuant to Labor Code section 210, 218.5, 218.6, 510, 1194.

## SIXTH CAUSE OF ACTION

### KNOWING AND INTENTIONAL FAILURE TO COMPLY WITH ITEMIZED EMPLOYEE WAGE STATEMENT PROVISIONS

#### By Plaintiff and Class Against Defendants

115.   Plaintiff repeats and incorporates herein by reference each and every allegation set forth above, as though fully set forth herein.

116.   Labor Code section 226(a) reads in pertinent part: "Every employer shall, semimonthly or at the time of each payment of wages, furnish each of his or her employees, either as a detachable part of the check, draft, or voucher paying the employee's wages, or separately when wages are paid by personal check or cash, an accurate itemized statement in writing showing (1) gross wages earned, (2) total hours worked by the employee… (4) all deductions… (5) net wages earned, (6) the inclusive dates of the period for which the employee is paid, (7) the name of the employee and only the last four digits of his or her social security number or an employee identification number other than a social security number, (8) the name and address of the legal entity that is the employer, and (9) all applicable hourly rates in effect during each the pay period and the corresponding number of hours worked at each hourly rate by the employee….".

117.   Further, the IWC Wage Orders require in pertinent part: Every employer shall keep accurate information with respect to each employee including the following: (3) Time records showing when the employee begins and ends each work period. Meal periods, split shift intervals, and total daily hours worked shall also be recorded…(5) Total hours worked in the payroll period and applicable rates of pay…."

118.   Defendants have failed to record many of the items delineated in

applicable Industrial Wage Orders and Labor Code section 226, including by virtue of the fact that each wage statement which failed to accurately compensate Plaintiff and Class Members for all hours worked and for missed and non-provided meal and rest periods, or which failed to include compensation for all minimum wages earned or overtime hours worked, was an inaccurate wage statement.

119. On information and belief, Defendants failed to implement and preserve a lawful record-keeping method to record all hours worked, meal periods, and non-provided meal and rest periods owed to employees, as required for Non-Exempt Employees under California Labor Code section 226 and applicable California Wage Orders.

120. Upon information and belief, Defendants also failed to include accrued sick leave, accurate itemizations of total hours worked, net pay, gross pay and all applicable hourly rates from Class Member wage statements. Also, upon information and belief, Defendants improperly identified the name and address of the legal entity that is the employer on employee wage statements. In addition, Defendants have failed to provide accurate itemized wage statements as a consequence of the above-specified violations.

121. In order to determine if they had been paid the correct amount and rate for all hours worked, Plaintiff and Class Members have been, would have been, and are compelled to try to discover the required information missing from their wage statements and to perform complex calculations in light of the inaccuracies and incompleteness of the wage statements Defendants provided to them.

122. In addition, as a matter of policy and practice, Defendants do not and have not provided employees with "either as a detachable part of the check, draft, or voucher paying the employee's wages, or separately if wages are paid by personal check or cash, an accurate itemized statement in writing showing" the information required in Labor Code section 226(a) because, among other things, Defendants do not provide copies of said statements in writing to employees, as Defendants merely

provides access to electronically stored statements during employment.

123. Upon information and belief, Defendants have further failed to comply with the requirements of Labor Code section 226(a) by failing to keep record of all deductions made from payment of wages in ink or other indelible form, properly dated, showing the month, day, and year, and keeping a copy of said statement and record of deductions for at least three years at the place of employment or at a central location within the State of California. Again, Defendants do not maintain such records as required by statute because such records are accessed and stored solely in electronic format. Upon information and belief, such format, is not indelible as required by law.

124. As a pattern and practice, in violation of Labor Code section 226(a) and the IWC Wage Orders, Defendants did not and still do not maintain and furnish each of the members of the Wage Statement Class with an accurate itemized statement in writing accurately reflecting all of the required information.

125. Moreover, upon information and belief, as a pattern and practice, in violation of Labor Code section 226(a) and the IWC Wage Orders, Defendants did not and do not maintain accurate records pertaining to the total hours worked for Defendants by the members of the Wage Statement Class, including but not limited to, beginning and ending of each work period, meal period and split shift interval, the total daily hours worked, and the total hours worked per pay period and applicable rates of pay.

126. Plaintiff and the members of the Wage Statement Subclass have suffered injury as a result of Defendants' failure to provide and maintain accurate records for the members of the Wage Statement Class in that the members of the Wage Statement Class were not timely provided written accurate itemized statements showing all requisite information, such that the members of the Wage Statement Subclass were misled by Defendants as to the correct information regarding various items. The lack of information hindered Plaintiff and the Subclass from determining the amount of

wages owed to them and led them to believe they were not entitled to be paid wages for all hours worked, sick pay, for overtime, missed meal and rest breaks, or for each hour of labor performed and the proper hourly rate, although they were so entitled.

127. In addition, upon information and belief, members of the Wage Statement Subclass who have ceased working for Defendants no longer have access to the electronic wage statements. The lack of information has hindered members of the Subclass from determining the amount of wages owed to them and led them to believe they were not entitled to be paid wages for all hours worked, sick pay, for overtime, missed meal and rest breaks, or for each hour of labor performed and the proper hourly rate, although they were so entitled.

128. Pursuant to Labor Code section 226, and in light of Defendants' violations addressed above, Plaintiff and the Wage Statement Subclass Members are each entitled to recover up to a maximum of four thousand dollars ($4,000.00), along with an award of costs and reasonable attorneys' fees.

129. Further, pursuant to Labor Code section 226(h), Plaintiff seeks injunctive relief to ensure compliance with Section 226, along with an award of attorney's fees and costs.

### SEVENTH CAUSE OF ACTION
### <u>FAILURE TO REIMBURSE NECESSARY EXPENSES</u>
### By Plaintiff and Class Against All Defendants

130. Plaintiff incorporates by reference and realleges each and every allegation contained above, as though fully set forth herein.

131. Plaintiff repeats and incorporates herein by reference each and every allegation set forth above, as though fully set forth herein.

132. Labor Code section 2802 requires Defendants to indemnify Plaintiff and Class Members for necessary expenditures incurred in direct consequence of the discharge of his or her duties.

133. Plaintiff and the Class were required to incur expenses in the performance of their assigned job duties. For example, Plaintiff and the Class Members were required to incur numerous out of pocket expenses, including without limitation, expenses related to personal cellular phone usage, in direct consequence of the discharge of their duties.

134. Upon information and belief, Defendants knew or should have known that Plaintiff and the Class Members were required to use their personal cellular phones to communicate with the stores and clients, and in some cases, encouraged such use, but upon information and belief, the Defendants did not reimburse Plaintiff or the Class for such expenses.

135. As a result of the unlawful acts of Defendants, Plaintiff and the Class Members have been deprived of unreimbursed sums in amounts to be determined at trial, and are entitled to the recovery of such amounts, plus interest and penalties thereon, attorneys' fees, and costs, pursuant to Labor Code section 2802.

## EIGHTH CAUSE OF ACTION

## VIOLATION OF THE UNFAIR COMPETITION LAW

### By Plaintiff and Class Against All Defendants

136. Plaintiff incorporates by reference and realleges each and every allegation contained above, as though fully set forth herein.

137. In the alternative, Plaintiff alleges a cause of action under Business and Professions Code section 17200 et seq.

138. Plaintiff alleges Defendants' conduct, as alleged in this complaint, has been, and continues to be, unfair, unlawful, and harmful to Plaintiff and Class Members, Defendants' competitors, and the general public. Plaintiff also seeks to enforce important rights affecting the public interest within the meaning of the California Code of Civil Procedure section 1021.5.

139. Defendants' policies, activities, and actions as alleged herein are violations of California law and constitute unlawful, unfair, and deceptive business

acts and practices in violation of California Business and Professions Code sections 17200, *et seq*.

140. A violation of California Business and Professions Code sections 17200, *et seq*., may be predicated on the violation of any state or federal law.

141. Defendants' violations of the Labor Code and Wage Order provisions set forth above constitute unlawful and/or unfair business acts of practices.

142. The state law violations, including violations of the relevant IWC Wage Order, detailed herein above are the predicate violations for this cause of action. By way of example only, in the instant case Defendants' policy of failing to lawfully provide Plaintiff and the Class with timely lawful meal and rest periods or pay one (1) hour of premium pay when a meal or rest period was not lawfully provided violates Labor Code sections 512, 1198 and 226.7, and the IWC Wage Orders. Defendants further violated the law through their policies of failing to fully and accurately compensate Plaintiff and the Class Members for all hours worked, including minimum wages, sick pay, and overtime as well as failing to timely pay wages during employment, failing to keep proper records, failing to pay all wages and compensation due at termination, failing to provide suitable seating, failing to provide accurate wage statements, and failing to reimburse expenses as specified above.

143. The actions of Defendants, as alleged within this Complaint, constitute false, fraudulent, unlawful, unfair, fraudulent and deceptive business practices, within the meaning of Business and Professions Code section 17200, et seq.

144. Plaintiff and the Class Members have been personally aggrieved by Defendants' unlawful and unfair business acts and practices alleged herein.

145. As a result of the unlawful acts specified herein, Defendants have reaped and continue to reap unfair benefits and unlawful profits at the expense of the Plaintiff and the Class Members she seeks to represent. Defendants have been unjustly enriched through Defendants' unlawful, unfair, and fraudulent business practices

alleged herein.

146. Pursuant to California Business and Professions Code sections 17200, *et seq.*, Plaintiff and the Class Members are entitled to an injunction and other equitable relief against such unlawful practices and are entitled to restitution of the wages withheld and retained by Defendants during a period that commences four (4) years prior to the filing of this complaint; an award of attorneys' fees pursuant to California Code of Civil Procedure section 1021.5; interest; and an award of costs.

147. Pursuant to Business and Professions Code §§ 17200 et seq., Plaintiff seeks an order enjoining Defendants from continuing to engage in the unlawful practices set forth herein, including without limitation the failure to timely and properly pay sick leave to employees as taken, the failure to furnish and maintain lawful written wage statements and payroll records, and the failure to provide suitable seating.

148. Pursuant to Business and Professions Code §§ 17200 et seq., Plaintiff seeks restitution from Defendants on behalf of herself and the Class Members for their failure to lawfully provide Plaintiff and the Class with timely lawful meal and rest periods or pay one (1) hour of premium pay when a meal or rest period was not lawfully provided in violation of Labor Code sections 512, 1198 and 226.7, and the IWC Wage Orders; the failure to fully and accurately compensate Plaintiff and the Class Members for all hours worked, including minimum wages, sick pay, and overtime as well as failing to timely pay wages during employment; failing to pay all wages and compensation due at termination, and failing to reimburse expenses as specified above.

## **PRAYER FOR RELIEF**

WHEREFORE, Plaintiff prays judgment against Defendants, as follows:

## **Class Certification**

1. That this action be certified as a class action;

2. That Plaintiff be appointed as the representatives of the Class;

3.      That Plaintiff be appointed as the representative of the Subclasses; and

4.      That counsel for Plaintiff be appointed as counsel for the Class and Subclasses.

## On the First Cause of Action

### (Failure to pay Minimum Wages)

1.      For the unpaid balance of the full amount of any minimum wages and regular wages owed, as well as interest thereon,

2.      Penalties according to statute,

3.      Liquidated damages,

4.      Reasonable attorneys' fees, and costs of suit;

5.      For interest and

6.      For such other and further relief as the Court deems proper.

## On the Second Cause of Action

### (Failure to Pay Overtime Owed)

1.      For the unpaid balance of the full amount of overtime earned,

2.      Penalties according to statute,

3.      Liquidated damages,

4.      Reasonable attorneys' fees, and costs of suit;

5.      For interest; and

6.      For such other and further relief as the Court deems proper.

## On the Third Cause of Action

### (Failure to Provide Lawful Meal Periods)

1.      For one (1) hour of premium pay for each day in which a required meal period was not lawfully provided;

2.      For reasonable attorneys' fees and costs pursuant to statute;

3.      For interest; and

4.      For such other and further relief as the Court deems proper.

## On the Fourth Cause of Action

### (Failure to Authorize and Permit Lawful Rest Periods)

1. For one (1) hour of premium pay for each day in which a required rest period was not lawfully authorized and permitted;

2. For interest; and

3. For reasonable attorneys' fees and costs pursuant to statute; and

4. For such other and further relief as the Court deems proper.

## On the Fifth Cause of Action

### (Failure to Timely Pay Wages Due and Payable During Employment)

1. For unpaid wages;

2. For penalties pursuant to Labor Code section 210 and 25% of the amount of wages unlawfully withheld;

3. For interest;

4. For reasonable attorneys' fees and costs pursuant to statute; and

5. For such other and further relief as the Court deems proper.

## On the Sixth Cause of Action

### (Failure to Provide Accurate Itemized Wage Statements)

1. For statutory penalties, including penalties pursuant to Labor Code section 226;

2. For reasonable attorneys' fees and costs; and

3. For such other and further relief as the Court deems proper;

## On the Seventh Cause of Action

### (Failure to Reimburse Necessary Expenses)

1. For unreimbursed sums;

2. For reasonable attorneys' fees and costs pursuant to statute;

3. For interest; and

4. For such other and further relief as the Court deems proper.

## <u>On the Eighth Cause of Action</u>

### (<u>Violation of the Unfair Competition Law</u>)

1.    For an order enjoining Defendants from continuing to engage in the aforementioned unlawful business practices in violation of California Business & Professions Code section 17200; and

2.    That Defendants, jointly and/or severally, pay restitution and/or disgorgement of sums to Plaintiff and Class Members for the Defendants' past failure to pay minimum wages, overtime and regular wages, for Defendants' past failure to reimburse necessary expenses, and for premium wages for meal and rest periods that were not provided to Plaintiff and Class Members over the last four (4) years in an amount according to proof;

3.    For injunctive relief under Business and Profession Code §§17200 et seq. for Defendants' violations of the Labor Code and Wage Order;

4.    For reasonable attorneys' fees that Plaintiff and Class Members are entitled to recover under Business & Professions Code section 17200 et seq., Code of Civil Procedure section 1021.5 and Labor Code section 1194 and 2802;

5.    For pre-judgment interest on any unpaid minimum wages, straight time wages, overtime wages and premium wages due from the day that such amounts were due;

6.    For pre-judgment interest on any unreimbursed expenses;

7.    For costs of suit incurred herein that Plaintiff and Class Members are entitled to recover under the Labor Code; and

8.    For such other and further relief as the Court deems proper.

## DEMAND FOR JURY TRIAL

Plaintiff, on behalf of the Class and Subclasses, respectfully demands a jury trial in this matter.

Respectfully submitted,

**JAMES HAWKINS APLC**

Dated:   May 17, 2021          /s/ Christina M. Lucio

James R. Hawkins, Esq.
Christina M. Lucio, Esq.

Attorneys for Plaintiff EMI BRUEMMER, on behalf of herself and all others similarly situated

## Certificate of Service

The attached was filed and served on all parties and their counsel through the ECF system on May 17, 2021.

/s/ *Christina M. Lucio*

Christina M. Lucio, Esq.